**In re CALIENDO.**

No. 35770.

District Court, E. D. New York.

April 22, 1940.

Leonard S. Leventhal, of New York City, for the motion.

I. Robert Bassin, of Jamaica, N. Y., opposed.

BYERS, District Judge.

Hearing on petition to review order of referee in bankruptcy, dated March 14, 1940, granting motion of bankrupt to dismiss specifications of objection to discharge unless the trustee proceed therewith by March 28, 1940.

This is a no-asset case, and the trustee pursuant to his statutory duties (Section 47, sub. a (7) and (9) of the Bankruptcy Act, 11 U.S.C.A. § 75, sub. a (7, 9)) desires to oppose the discharge. Since there is no way of compensating a stenographer out of the estate, in connection therewith, it is to be presumed that the referee has not "authorized the employment of stenographers for reporting and transcribing proceedings at such reasonable expense to the estate as the court may fix" (Id. Section 38 (7), 11 U.S.C.A. § 66(7).

Such being the circumstances, the trustee offered the services of a stenographer whose competency he attests, to serve without expense. The fact that she is employed in the office of the trustee's attorney may or may not have influenced the referee to refuse to designate her to take and transcribe the testimony in this aspect of the case. His decision to that effect (dated January ——, 1940) is included in the papers.

He says that "nothing as to her competency or integrity is offered to or known to the referee".

Manifestly the law cannot be so construed as to compel him to authorize the employment of a stenographer concerning whose qualifications he is uninformed; nor can it compel him, seasonably and suitably, to apprise himself as to those matters.

However, it is important to the just administration of the Bankruptcy Act, that a matter of such importance to the community and to the bankrupt, as his right to a discharge, shall be disposed of on the merits, and not be abandoned, if objection

has been taken in good faith. Since this is a trustee's inquiry, it must be assumed to be meritorious in purpose.

The General Orders of January 16, 1939, 11 U.S.C.A. following section 53, are quite elastic as to their relation to bankruptcy proceedings pending on February 13, 1939, of which this seems to be one. The prior General Order XXII provided that a deposition taken upon an examination before a referee "shall be taken down in writing by him, or under his direction, in the form of narrative, unless he determines that the examination shall be by question and answer. * * *"

New General Order 22 contains the following: "Upon the request of any party, however, the referee shall *take* and report the evidence in full * * *." (Italics supplied).

These provisions are adequate to indicate that there is no reason for disposing of specifications of objection to discharge, because of the non-employment of a stenographer.

The petition to review the order in question is sustained; the order is reversed, and the proceeding is returned to the referee with the direction that the trustee be permitted a reasonable opportunity to offer evidence in behalf of his specifications of objection to discharge, and that the matter proceed to disposition on the merits.

Settle order.